UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-mj-00177 |
| v. | Charg. Dist. No. 1:24-cr-00027-DMT |
| CHANCE LEE LONE BEAR | U.S. Magistrate Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

CHANCE LEE LONE BEAR ("Defendant") came before the Court on July 3, 2024, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on a Petition for Action on Conditions of Pretrial Release (the "Petition") [Doc. 1] out of the United States District Court for the District of North Dakota.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant at the hearing.

Defendant was furnished with a copy of the Petition, and he confirmed that he had an opportunity to review the Petition with his attorney. The Court determined that Defendant was capable of reading and understanding the Petition. At the Court's request, AUSA Frank Clark explained to Defendant the offenses detailed in the Petition. Defendant acknowledged that he understood the offenses with which he is charged in the Petition. The Government moved the Court to detain Defendant without bond pending further proceedings.

The Court provided a Waiver of Rule 32.1 Hearing form to Defendant which set forth Defendant's right to counsel; right to an identity hearing; right to copies of the judgment, warrant and warrant application; right to a preliminary hearing; and right to a detention hearing [Doc. 6]. The Court explained to Defendant that he had a right to transfer those proceedings to the prosecuting district, which, in this case, is the United States District Court for the District of North Dakota.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the judgment, warrant, and any preliminary or detention hearing to which he may be entitled in the Eastern District of Tennessee, so that he can request that such proceedings be conducted in the United States District Court for the District of North Dakota at a time set by that

Court. Defendant confirmed such waiver through his signature on the Waiver of Rule 32.1 Hearing form [Doc. 6].

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BOND** pending further proceedings in the United States District Court for the District of North Dakota is **GRANTED**.

2. The United States Marshals Service shall transport Defendant to the United States District Court for the District of North Dakota.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the District of North Dakota.

4. The Clerk of Court for the United States District Court for the District of North Dakota shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE